**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

**EDITH ASIDAO, et al.,**
**individually, and on behalf of**
**all others similarly situated,**

**Plaintiffs,**

**v.**

**RESURRECTION HEALTH**
**CARE CORPORATION, et al.,**

**Defendants.**

**Case No. 10 C 366**

**Judge St. Eve**

---

**TITA CAMILOTES, an**
**individual, on behalf of herself**
**and all others similarly situated,**

**Plaintiffs,**

**v.**

**RESURRECTION HEATH**
**CARE CORPORATION and**
**SAINT JOSEPH HOSPITAL,**

**Defendants.**

**Case No. 10 C 366**

**Judge St. Eve**

**ORDER**

WHEREAS, the Court previously consolidated in Docket Entry No. 76 the action styled *Asidao v. Saints Mary and Elizabeth Medical Center, et al.*, Case No. 09 C 6731 with *Camilotes v. Resurrection Health Care Corporation, et al.*, Case No. 10 C 366;

NOW, THEREFORE, THE COURT ORDERS as follows:

## I. CONSOLIDATION OF THE RELATED ACTIONS

1. The above-captioned Overtime Actions are hereby consolidated pursuant to Fed. R. Civ. P. 42(a) ("Consolidated Action"). They shall be referred to collectively as *Camilotes, et al. v. Resurrection Health Care Corporation*, Case No. 10 C 366. Any actions that the Court subsequently consolidates with this Action shall become part of the Consolidated Action.

## II. CAPTION OF CASES

2. Every pleading filed in the Consolidated Action shall bear the following caption:

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| TITA CAMILOTES, EDITH ASIDAO, RONDA BRADY, FABIENNE FIFY, CHIARA DEL GIUDICE, ETHEL BARBEE, RACHELLE VARDON, DONALD MOARN, CANDACE DOBRINO, individually, and on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>RESURRECTION HEALTH CARE CORPORATION, SAINT JOSEPH HOSPITAL, SAINTS MARY AND ELIZABETH MEDICAL CENTER, OUR LADY OF THE RESURRECTION MEDICAL CENTER, WEST SUBURBAN MEDICAL CENTER, WESTLAKE COMMUNITY HOSPITAL, RESURRECTION MEDICAL CENTER, HOLY FAMILY MEDICAL CENTER, and SAINT FRANCIS HOSPITAL,<br><br>Defendants. | Case No. 10 C 366<br><br>Honorable Amy J. St. Eve |

## III. MASTER DOCKET

3. A Master Docket is hereby established for the Consolidated Action, including actions subsequently consolidated herein pursuant to this Order. Entries in said Master Docket shall be applicable to the Consolidated Action, and entries shall be made therein in accordance with the regular procedures of the Clerk of this Court, except as modified by this Order.

## IV. MASTER FILE

4. A Master File is hereby established for the consolidated proceedings in the Consolidated Action. The Master File shall be Civil Action No. 10 C 366.

## V. NEWLY FILED OR TRANSFERRED ACTIONS

5. When a case that arises out of the same operative facts as the Consolidated Action is hereinafter filed in or transferred to this Court, and the Court determines that it should be consolidated with this Consolidated Action, it shall be consolidated with these actions as provided in section I above, and the Clerk of the Court shall:

(a) File a copy of this Order in the separate file for such action;

(b) Mail a copy of this Order to the attorneys for the plaintiff(s) in the newly-filed or transferred case and to any new defendant(s) in the newly-filed or transferred case; and

(c) Make the appropriate entry in the Master Docket.

6. This Court requests the assistance of counsel in calling to the attention of the Clerk of this Court the filing or transfer of any case that might properly be consolidated as part of this litigation.

## VI. APPLICATION OF THIS ORDER TO SUBSEQUENT CASES

7. This Order shall apply to each class action assigned to the undersigned that has claims similar to those set forth in these actions and brought on behalf of employees of Resurrection Health Care Corporation and/or any of its affiliate healthcare entities who allege that Defendants failed to pay them overtime compensation. This Order shall apply to each such case which: (1) is subsequently filed in or transferred to this Court, (2) the Court consolidates, and (3) is assigned to the undersigned, unless a party objecting to the consolidation of that case, or to any other provision of this Order, serves an application for relief from this Order or from any of its provisions within ten (10) days after the date on which the Clerk mails a copy of this Order to the counsel of that party. The provisions of this Order shall apply to such action pending the Court's ruling on the application.

8. Unless a plaintiff in a subsequently filed or transferred case is permitted by the Court to use a separate complaint, Defendants shall not be required to answer, plead, or otherwise move with respect to that complaint. If a plaintiff in any such case is permitted to use a separate complaint, each Defendant shall have twenty (20) days from the date the Court grants such permission within which to answer, plead, or otherwise move with respect to that complaint.

## VII. ORGANIZATION OF COUNSEL

9. The Court appoints the following interim Co-Lead Class Counsel for the Consolidated Action pursuant to Rule 23(g)(2)(A) of the Federal Rules of Civil Procedure:

As Interim Co-Lead Class Counsel for the Class:

**WERMAN LAW OFFICE, P.C.**
77 West Washington Street, Suite 1402
Chicago, IL 60602
Telephone: (312) 419-1008

Facsimile: (312) 419-1025

-and-

**CARLSON LYNCH, LTD**
36 N. Jefferson Street
P. O. Box 7635
New Castle, PA 16107
Telephone: (724) 656-1555
Facsimile: (724) 656-1556

10. Interim Co-Lead Class Counsel shall have authority over the following matters on behalf of all plaintiffs in this and any subsequently transferred action: (a) convening meetings of counsel working for the Class; (b) initiating, responding to, scheduling, briefing, and arguing of all motions; (c) determining the scope, order, and conduct of all discovery proceedings; (d) assigning such work assignments to other counsel as they may deem appropriate; (e) retaining experts; (f) designating which attorneys may appear at hearings and conferences with the Court; (g) conducting settlement negotiations with defendants; and (h) handling other matters concerning the prosecution of or resolution of their respective cases.

11. In addition, Co-Lead Class Counsel, Werman Law Office, shall serve as liaison counsel and in such capacity shall act as the contact person for communications with defense counsel. All papers served on Werman Law Office shall be considered served on all Plaintiffs. As liaison counsel, the Werman Law Office is also charged with administrative matters such as receiving and distributing pleadings, notices, orders, motions and briefs, and advising parties of developments in the case.

12. All Plaintiffs' counsel shall keep contemporaneous time and expense records, and shall provide such records upon request to Interim Co-Lead Class Counsel.

13. Either of Interim Co-Lead Class Counsel shall have authority to communicate with Defendants' counsel and the Court on behalf of the Class. Defendants' counsel may rely on all agreements made with either of Interim Co-Lead Class Counsel, and such agreements shall be binding.

**VIII. COORDINATION**

14. Interim Co-Lead Class Counsel shall coordinate activities to avoid duplication and inefficiency in the filing, serving and/or implementation of pleadings, other court papers, discovery papers, and discovery practice.

**IX. SCOPE OF ORDER**

15. The terms of this Order shall not have the effect of making any person, firm or entity a party to any action in which he, she or it has not been named, served or added as such in accordance with the Federal Rules of Civil Procedure. The terms of this Order and the consolidation ordered herein shall not constitute a waiver by any party of any claims in or defenses to any action.

**X. PRELIMINARY SCHEDULE OF PROCEEDINGS**

16. Plaintiffs shall file a Consolidated Complaint on or before July 1, 2010. The Consolidated Complaint shall be the operative complaint and shall supersede all complaints filed in any of the actions consolidated herein. Pending filing and service of the Consolidated Complaint, Defendants shall have no obligation to move, answer, or otherwise respond to any of the complaints in the actions consolidated herein or any actions subsequently consolidated with them. Defendants shall have twenty (20) days from service of the Consolidated Complaint to answer or otherwise respond.

17. In the event any of the Defendants file a motion directed at the Consolidated Complaint, the parties shall meet and confer regarding a briefing schedule for (i) opposition and reply briefs, and (ii) issues related to class action certification.

ORDERED this 25th day of June, 2010 in Chicago, Illinois.

AMY J. ST. EVE
United States District Court Judge