# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 366 | **DATE** | 4/21/2011 |
| **CASE TITLE** | Camilotes vs. Resurrection Healthcare et al | | |

**DOCKET ENTRY TEXT**

Before the Court is Plaintiffs' Motion for Leave to File a First Amended Consolidated Complaint [116]. The Court granted Plaintiffs' first two proposed amendments without objection at the parties' April 6, 2011 status hearing. For the reasons below, the Court grants the third proposed amendment over Defendants' objections. Plaintiffs must file the First Amended Consolidated Complaint by no later than 4/22/11. Consistent with this Order, if Defendants must re-depose any of the named Plaintiffs for the limited purpose set forth herein, Plaintiffs bear the burden of those deposition costs.

■[ For further details see text below.]           Notices mailed by Judicial staff.

## STATEMENT

Before the Court is Plaintiffs' Motion for Leave to File a First Amended Consolidated Complaint pursuant to Federal Rule of Civil Procedure 15(a). Plaintiffs seek to amend their Consolidated Complaint as follows: (1) to remove Edith Asidao as a proposed class representative; (2) to correct a scrivener's error in Paragraph 64 of the existing Consolidated Complaint; and (3) to modify the start-date of the proposed class period for the putative Illinois Wage Payment Collection Act ("IWPCA") claimants from October 2004 to August 17, 2002. The Court granted Plaintiffs' first two proposed amendments without objection at the parties' April 6, 2011 status hearing. For the reasons below, the Court grants the third proposed amendment over Defendants' objections.

Continued...

| | Courtroom Deputy Initials: | KF |
|---|---|---|

# BACKGROUND

On October 26, 2009, Plaintiffs Edith Asidao, Ronda Brady, and Fabienne Fify filed a complaint on behalf of themselves and other non-exempt hourly nurses employed by St. Mary and St. Elizabeth Medical Center, captioned *Asidao v. St. Mary and St. Elizabeth Medical Center*, Case No. 09 C 6731. The case was assigned to U.S. District Judge Wayne A. Andersen. In sum and substance, the *Asidao* Plaintiffs brought claims under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq*. ("IMWL"), the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq*. ("IWPCA"), and Illinois common law, seeking recovery for uncompensated work. Relevant to the present matter, the *Asidao* complaint defined the class period for the putative IWPCA claimants as dating "from October 2006[] to the conclusion of this action."

The *Asidao* Plaintiffs filed a First Amended Complaint ("FAC") on March 24, 2010. The FAC added five named plaintiffs and several new hospital defendants, and it expanded the proposed class period for the putative IWPCA claimants to October 2004. The *Asidao* Plaintiffs had apparently desired to expand the proposed class period for the putative IWPCA claimants to August 2002, but after consulting with opposing counsel, the *Asidao* Plaintiffs instead agreed to revise the class period to October 2004 in exchange for Defendants' agreement not to oppose the FAC filing. *See* R. 118-1 (3/19/2010, 3/21/2010 & 3/22/2010 email communications).

On June 25, 2010, the Court consolidated *Asidao* and *Camilotes v. Resurrection Health Care Corporation et al.*, Case No. 10 C 366, pursuant to Fed. R. Civ. P. 42(a). *See* R. 55 (6/25/10 Order). Henceforth, the consolidated cases became *Camilotes et al. v. Resurrection Health Care Corporation*, Case No. 10 C 366. *Id.* Plaintiffs filed a Consolidated Class and Collective Action Complaint ("Consolidated Complaint") on July 12, 2010, bringing claims under the FLSA, the IMWL, the IWPCA, and Illinois common law, against Defendants Resurrection Health Care Corporation *et al.* ("Defendants"). Plaintiffs defined the class period for the putative IWPCA claimants as dating "from October 2004, to the conclusion of this action." Plaintiffs now seek leave to file a First Amended Consolidated Complaint ("FACC") which expands the class period for those putative claimants to August 17, 2002.

# LEGAL STANDARD

A plaintiff "may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2); *see also Sides v. City of Champaign*, 496 F.3d 820, 825 (7th Cir. 2007) (noting that courts should generally "use their discretion under Rule 15(a) to liberally grant permission to amend pleadings"). "Although leave to amend should be freely given, Fed. R. Civ. P. 15(a), that does not mean it must always be given." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009); *see also Crest Hill Land Dev., LLC v. City of Joliet*, 396 F.3d 801, 804 (7th Cir. 2005) (noting that despite the liberal nature of Rule 15(a), "leave to amend is not automatically granted"); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 759 (7th Cir. 2002). Indeed, district courts "'have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the [non-moving party], or where the amendment would be futile.'" *Hukic*, 588 F.3d at 432 (quoting *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008)). "Delay on its own is usually not reason enough for a court to deny a motion to amend." *Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008). The longer the delay, however, "'the greater the presumption against granting leave to amend.'" *Id.* (quoting *King v. Cooke*, 26 F.3d 720, 723 (7th Cir. 1994)). Ultimately, "'[t]he decision to grant or deny a motion to file an amended pleading is a matter purely within the sound discretion of the district court.'" *Id.* (quoting *Brunt v. Serv. Employees Int'l Union*, 284 F.3d 715, 720 (7th Cir. 2002)); *see also Larkin v. Galloway*, 266 F.3d 718, 721 (7th Cir. 2001).

## ANALYSIS

Defendants oppose Plaintiffs' motion to expand the IWPCA limitations period on three grounds. First, Defendants contend that Plaintiffs waived their right to expand the IWPCA limitations period to August 17, 2002 when the *Asidao* Plaintiffs agreed to limit it to October 2004 in connection with their FAC filing. Second, Defendants argue that they will be prejudiced if the Court permits Plaintiffs to expand their potential liability by two years. Third, Defendants ask the Court to deny Plaintiffs' motion on the grounds that Plaintiffs knew about the limitations period before they filed the Consolidated Complaint in July 2010. The Court considers Defendants' arguments in turn.

### I.  Waiver

Defendants do not argue that it would be futile for Plaintiffs to expand the IWCPA limitations period to August 17, 2002, and they concede the validity of the case law Plaintiffs cite in their motion. Rather, Defendants contend that the "agreement" the *Asidao* Plaintiffs made with the *Asidao* Defendants to limit the putative IWPCA claimants' limitations period to October 2004 for purposes of filing their First Amended Complaint bars Plaintiffs from now seeking the full limitations period in this consolidated action. In particular, Defendants cite one sentence in *Lee v. Cook County, Ill.*, -- F.3d -- , 2011 WL 982383 (7th Cir. Mar. 22, 2011), to support their argument. That sentence reads, "the benefit of the statute of limitations may be waived by agreement or by conduct inconsistent with the rights it confers . . ." *Id.* at *3. Although the principle Defendants cite is correct, it does not save their argument.

Seventh Circuit law permits parties to waive or shorten an applicable statute of limitations by agreement or by conduct. *See, e.g., Yuan Gao v. Mukasey*, 519 F.3d 376, 377 (7th Cir. 2008); *Dunlap v. Nestle USA, Inc.*, 431 F.3d 1015, 1018 (7th Cir. 2005); *Stephan v. Goldinger*, 325 F.3d 874, 876-77 (7th Cir. 2003); *Central States, Southeast & Southwest Areas Pension Fund v. Safeway, Inc.*, 229 F.3d 605, 610 (7th Cir. 2000); *Lawyers Title Ins. Corp. v. Dearborn Title Corp.*, 118 F.3d 1157, 1166 (7th Cir. 1997); *Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 877 (7th Cir. 1997). Here, however, Defendants provide no evidence to suggest that Plaintiffs have done either. Defendants submit three email communications to support their argument that the *Asidao* Plaintiffs reached an "agreement" with the *Asidao* Defendants that requires the Court to cap the IWPCA limitations period in the present matter (*Camilotes*) to October 2004. *See* R. 118-1. To the extent those communications support the existence of a legally enforceable agreement – and the Court need not take a position on that question for purposes of this motion – they reflect a compromise the parties reached in preparation for the filing of the *Asidao* Plaintiffs' First Amended Complaint. Specifically, in order to secure the *Asidao* Defendants' commitment not to oppose the *Asidao* Plaintiffs' filing of the FAC – and, as Defendants' counsel recommended, to "avoid a briefing on the limitations period issue and ... keep the case moving forward," *see* R. 118-1 at 3 – the *Asidao* Plaintiffs limited the IWPCA claims in the FAC to October 2004. The Court will not now apply that compromise – negotiated for a specific purpose, at a specific time, between specific parties – to these Plaintiffs in this action. Defendants are free to object to further amendment of the limitations period, and they have done so here. Defendants' waiver argument, however, fails.

### II.  Undue Prejudice & Undue Delay

Defendants contend that they will incur additional costs and be forced to expend considerable resources if the Court grants Plaintiffs' request to expand the limitations period by two years for the IWPCA claim. Defendants further submit that they have already deposed six of the named Plaintiffs with the October 2004 limitations period in mind. (R. 118, Defs.' Resp. at 4.) Defendants also argue that the Court should deny Plaintiffs' motion because Plaintiffs have known about the August 2002 limitations period for more than one year – even before the consolidation of the two actions – and offer no explanation for their failure to act diligently in

attempting to amend the consolidated complaint. (*Id*. at 5.)

Plaintiffs' response states that Defendants have not produced any time or payroll records for any opt-in Plaintiffs for the period of time prior to 2006. Plaintiffs also assert that while Defendants have deposed five of the seven class representatives, the Defendants "questioned the Class Representatives about their entire employment history ... and did not limit their questions to the time period between 2004 and the present." (R. 120, Pls.' Reply at 4.) Plaintiffs note that two of the deposed class representatives began their employment with Defendants in 2008. Finally, Plaintiffs state that they have not yet taken any Rule 30(b)(6) depositions. Plaintiffs do not explain why they waited nearly one year to propose this amendment – instead, they argue that it is not untimely because the discovery period on class certification does not close until August 2, 2011, and Plaintiffs' motion for class certification on the Illinois state law claims is not due until September 1, 2011.

The Court queries why Plaintiffs waited more than eight months after filing their Consolidated Complaint to bring this motion, especially since they knew – dating back to March 2010 – that the limitations period could be expanded. Nevertheless, "[d]elay on its own is usually not reason enough for a court to deny a motion to amend," *Soltys*, 520 F.3d at 743 (7th Cir. 2008), and the Court does not find the prejudice Defendants cite to be unmanageable or to rise to the level of "undue prejudice." Although the lengthier class period necessarily expands the scope of Defendants' potential liability, the amendment will not force Defendants to defend against new legal claims or re-litigate the dispute on new bases. *Sanders v. Venture Stores, Inc.*, 56 F.3d 771, 774 (7th Cir. 1995). Nor are there motions pending that will have to be reconceived or redrafted because of the proposed amendment. *Cleveland v. Porca Co.*, 38 F.3d 289, 297 (7th Cir. 1994) (district court did not abuse its discretion in denying motion to amend "after discovery was completed and after motions for summary judgment were fully briefed.... This motion came late in the day."); *Garner v. Kinnear Mfg. Co.*, 37 F.3d 263, 269-70 (7th Cir. 1994) (district court did not abuse its discretion in denying two motions to amend after opposition had moved for summary judgment); *Kleinhans v. Lisle Savings Profit Sharing Trust*, 810 F.2d 618, 625 (7th Cir. 1987) (same). Given the several months remaining before discovery closes on this aspect of the litigation, the Court exercises its discretion and grants Plaintiffs' motion to expand the IWCPA class period to August 17, 2002. If, however, Defendants need to re-depose named Plaintiffs for the purpose of seeking information about the time period between August 17, 2002 and October 2004 which they failed to inquire about during the initial deposition, Plaintiffs must bear the burden of the costs of those depositions.

## CONCLUSION

For the reasons discussed above, the Court grants Plaintiffs' Motion for Leave to File a First Amended Consolidated Complaint. Plaintiffs must file the FACC by no later than Friday, April 22, 2011. If Defendants must re-depose any of the named Plaintiffs for the limited purpose set forth above, Plaintiffs bear the burden of those deposition costs.