# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 366 | **DATE** | 6/14/2012 |
| **CASE TITLE** | Camilotes vs. Resurrection Healthcare | | |

**DOCKET ENTRY TEXT**

The Court denies in part non-party American Nurses Association's motion to strike or enforce [204]. The Court takes the remainder of ANA's motion as well as Plaintiffs' motion regarding certain confidentiality designations [191] under advisement pending further briefing. The Court grants Defendants and ANA leave to file, by 6/18/12, submissions addressing the confidentiality of the documents at issue consistent with the Court's order. Plaintiffs may respond by 6/25/12.

■[ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

Before the Court is Plaintiffs' self-styled "motion regarding certain confidentiality designations," in which they ask the Court to determine that certain of Defendants' confidentiality designations are unwarranted. Also before the Court is non-party American Nurses Association's ("ANA") motion to strike or deny Plaintiffs' motion, or, in the alternative, to adopt and enforce the protective order issued by the United States District Court for the District of Maryland. Defendants have responded in writing to Plaintiffs' motion, and Plaintiffs have responded to ANA's motion. For the following reasons, the Court denies ANA's motion to the extent that it asks the Court to strike Plaintiffs' motion and adopt and enforce the Maryland court's protective order. The Court takes the remainder of ANA's motion as well as Plaintiffs' motion under advisement pending further briefing, as explained below.

## BACKGROUND

Plaintiffs filed their Complaint against Defendants pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* Plaintiffs, non-exempt staff nurses employed by Defendant hospitals, allege that Defendants failed to compensate them for all hours worked. Specifically, Plaintiffs allege that although Defendants regularly required Plaintiffs to work through all or part of their meal breaks, Defendants subjected Plaintiffs to automatic deductions for their scheduled meal breaks. In addition to their FLSA claims, Plaintiffs also seek to recover unpaid wages under the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1 *et seq.*, the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/1 *et seq.*, and Illinois common law.

| | Courtroom Deputy Initials: | KF |
|---|---|---|

## I. The Illinois Protective Order

In *Asidao, et al. v. Resurrection Health Care Corp.*, Case No. 09 C 6731 (N.D. Ill.), the court entered an Agreed Protective Order (the "Protective Order"). *See id.*, R. 60. *Asidao* was thereafter reassigned to this Court, which consolidated *Asidao* and this case. *See id.*, R. 75, 76. On June 24, 2010, the Court ordered that the Protective Order in *Asidao* applies to this case. (R. 54, Order.) Paragraph 10 of the Protective Order provides as follows:

> Confidential documents may not be filed under seal absent an order of the Court granting a motion to file documents under seal. Such motion must be filed and noticed for a hearing date prior to the due date of the particular filing, and such motion must demonstrate good cause for sealing a particular document or a portion thereof.[1]
>
> Confidential Documents shall not be filed with the clerk of court. Confidential Documents requiring the Court's review shall be submitted to chambers in camera in a sealed envelope bearing the caption of the case, case number, the title of the motion or response to which the submitted confidential information pertains, and the name and telephone number of counsel submitting the documents. The producing party shall maintain the original documents intact for any further review. A redacted copy of all Confidential Documents shall be filed with the clerk of court for the record. Redactions must be limited to specific confidential information, which has been so designated by the parties.

(*Id.* ¶ 10.)

## II. The Maryland Protective Order

On September 29, 2011, Plaintiffs served a deposition subpoena on ANA (the "Subpoena"). The United States District Court for the District of Maryland (the "Maryland Court") issued the Subpoena given that ANA is located within that District. The Subpoena did not require ANA to produce any documents or other tangible things. Instead, it sought only deposition testimony. ANA moved to quash the Subpoena. *See In re Subpoena of Am. Nurses Assoc. (Camilotes, et al. v. Resurrection Health Care Corp. et al.*, No. 10-CV-00366 (N.D. Ill.)), Case No. AW-11-3021 (D. Md.). After entertaining oral argument, the Maryland Court entered two orders. The first order granted in part and denied in part ANA's motion to quash, and it required ANA to submit to two oral depositions. *Id.* at R. 14. The second was a protective order, titled "Order Regarding Confidentiality of Discovery Material & Inadvertent Disclosure of Privileged Material" (the "Maryland Protective Order"). (*Id.* at R. 15.)

The Maryland Protective Order provides, among other things, that "[a]ny and all deposition questions and answers, electronic data, information, testimony, transcripts, exhibits, documents and tangible things as defined in Rule 34(a) of the Federal Rules of Civil Procedure, produced or disclosed by ANA to Plaintiffs pursuant to this

---

[1] This provision reflects the law in the Seventh Circuit that the decision of whether good cause exists to file a document under seal rests solely with the Court. *See Citizens First Nat'l Bank v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999) ("The determination of good cause cannot be elided by allowing the parties to seal whatever they want, for then the interest in publicity will go unprotected unless the media are interested in the case and move to unseal.") In other words, simply designating a document as "confidential" under a protective order is insufficient to establish good cause for filing the document under seal.

Order are hereby deemed "CONFIDENTIAL," if designated as such by ANA in accordance with the terms set forth herein." (*Id.* ¶ 2.) It also states that "[a]ny testimony or document in [*Camilotes v. Resurrection Health Care Corp*. (N.D. Ill.)] that describes or refers to ANA confidential information or materials is also hereby deemed and designated as "CONFIDENTIAL." (*Id.*)

Plaintiffs deposed Ms. Diane Boyle, ANA's Rule 30(b)(6) witness, on May 4, 2012 in Maryland pursuant to the Maryland Court's orders. After the deposition, ANA designated as "confidential" several exhibits to Ms. Boyle's deposition transcript. Defendants had previously produced those documents to Plaintiffs and had marked them "confidential" pursuant to the Illinois Protective Order.

### III. Plaintiffs' Motion

As part of their motion to certify, Plaintiffs sought, and were granted, leave from the Court to file under seal certain documents that Defendants had produced to Plaintiffs and which Defendants marked "confidential" pursuant to the terms of the Illinois Protective Order. (R. 174, 176.) Plaintiffs filed those documents with the Court under seal. Plaintiffs also "heavily redacted" portions of their exhibits and memorandum in support of their motion to certify in light of Defendants' confidentiality designations. (R. 178, Pls.' Mem. of Law in Supp. of Mot. to Certify at 9-13; R. 179-14, pp. 175-177; R. 179-15.) Plaintiffs now argue that certain of Defendants' confidentiality designations are overbroad, and they seek to de-designate, and file in the public record, the following:

1) National Database of Nursing Quality Indicators ("NDNQI") documents that Defendants produced and which Plaintiffs marked as exhibits to Ms. Boyle's deposition (the "NDNQI Documents") (R. 188-3, pp. 71-118[2] and R. 188-4 through R. 188-6);

2) Pages 175-77 of the Expert Report of Dr. Albert Madansky, which cites the underlying NDNQI Documents (R. 179-14, pp. 175-77);

3) Exhibits 12 through 17 to Mr. Mark Hinz's deposition transcript (R. 188-1), which consist of minutes from Defendant Holy Family Medical Center's Payroll/HRIS meetings in 2007 and 2008; and

4) Exhibit 9 to Ms. Ivy McKinley's deposition transcript, which consists of minutes from Defendant Our Lady of the Resurrection Medical Center's nursing leadership meeting on October 23, 2007 (R. 188-2).

(R. 191, Pls.' Mot. at 4.)

### IV. NDNQI Documents

ANA owns NDNQI. (R. 205, ANA's Mem. of Law at 4.) The NDNQI program is a human subject research program that investigators at the University of Kansas Medical Center Research Institute conducts pursuant to a contract with ANA. (*Id.*) Data collected through the research program is maintained in an electronic database, known as the NDNQI database. (*Id.*) The NDNQI research program and database are

---

[2] In their motion, Plaintiffs identify these materials as R. 188-3, pages 71-188 (instead of p. 71-118). The Court assumes that this is a typographical error, since R. 188-3 contains only 118 pages.

"highly proprietary, commercially sensitive and governed by FDA regulations for human subject research." (*Id.*) ANA represents that some NDNQI materials, including the NDNQI RN Survey, are registered trade secrets. (*Id.*)

### V. ANA's Motion

ANA challenges Plaintiffs' motion to the extent that it seeks to de-designate Ms. Boyle's deposition transcript and the NDNQI Documents. (R. 196.) It argues that the Maryland Protective Order governs the confidentiality of such documents, and that this Court accordingly lacks jurisdiction to determine the confidentiality of the documents.

## LEGAL STANDARD

"There is a strong presumption toward public disclosure of court files and documents." *In re Bank One Secs. Litig.*, 222 F.R.D. 582, 585 (N.D. Ill. 2004) (citing *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 603, 102 S. Ct. 2613, 73 L. Ed. 2d 248 (1982)). The Seventh Circuit teaches that "[i]nformation that affects the disposition of litigation belongs in the public record unless a statute or privilege justifies nondisclosure." *United States v. Foster*, 564 F.3d 852, 853 (7th Cir. 2009). "[S]ecrecy is fine at the discovery stage, before the material enters the judicial record. But those documents, usually a small subset of all discovery, that influence or underpin the judicial decision are open to public inspection unless they meet the definition of trade secrets or other categories of bona fide long-term confidentiality." *Id.* (internal citations and quotation marks omitted); *see also In re Specht*, 622 F.3d 697, 701 (7th Cir. 2010) ("Documents that affect the disposition of federal litigation are presumptively open to public view, even if the litigants strongly prefer secrecy, unless a statute, rule, or privilege justifies confidentiality."); *Hicklin Eng., L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006) ("We have insisted that litigation be conducted in public to the maximum extent consistent with respecting trade secrets, the identities of undercover agents, and other facts that should be held in confidence.") (citing cases).

Federal Rule of Civil Procedure ("Rule") 26(c) provides that a court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specific way." Fed. R. Civ. P. 26(c)(1)(G). The Seventh Circuit has made it clear that in order to show good cause to file a document or portion thereof under seal, the requesting party must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Baxter Int'l v. Abbott Labs*, 297 F.3d 544, 548 (7th Cir. 2002). Moreover, if a party claims that injury will result from public disclosure of certain information, it must provide support for such a statement. *Id.* at 547. After a court enters a protective order, "a party must continue to show good cause for confidentiality when challenged." *Bank One*, 222 F.R.D. at 586 (citing *Union Oil Co. of Cal. v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000)).

## ANALYSIS

### I. Plaintiffs' Motion is Not Untimely

Defendants argue that Plaintiffs' motion is untimely because the protective order requires parties to assert any challenges to confidentiality designations within 21 days of receiving the documents. The Court rejects Defendants' argument.

Despite Defendants' claim to the contrary, the terms of the protective order do not *require* the parties (or third parties) to challenge confidentiality designations within 21 days of receipt of the documents. Pursuant to the protective order,

[a] party objecting to another party or third party's designation of information or documents as "Confidential" . . . *may* challenge the designation by objecting in writing to the designation within twenty-one (21) days of receipt of the designated material, or twenty-one (21) days after the Court enters on the docket this Protective Order, whichever is later. Any objections filed shall be resolved in accordance with the procedures set forth in Paragraph 3 of this Order.

(Illinois Protective Order ¶ 1) (emphasis added). Because the Protective Order uses the term "may," this provision is permissive and not mandatory. *See Directtv, Inc. v. Barczewski*, 604 F.3d 1004, 1007 (7th Cir. 2010) ("May is permissive.").

Even if the Protective Order required the parties to challenge confidentiality designations within 21 days of receiving the documents, the Court could nevertheless entertain Plaintiffs' motion. The timing provisions in the Protective Order do not override the Court's obligation to determine whether good cause exists to seal documents, or portions thereof, from the public record. *See Citizens First*, 178 F.3d at 945 ("The judge is the primary representative of the public interest in the judicial process and is duty-bound therefore to review any request to seal the record (or part of it)."); *see also Solaia Tech. LLC v. Arvinmeritor, Inc*., No. 02 C 4704, 2004 WL 549449, at *2 (N.D. Ill. Jan. 28, 2004) (explaining that failure to comply with the notice provision in the parties' protective order was not a proper basis for finding that the materials in question should be barred from public disclosure); *Bank One*, 222 F.R.D. at 587 (noting that "[t]he good cause determination is made regardless of technicalities" and requiring the challenging party to "do more than defend [the confidential nature of the documents] on a procedural technicality") (citing, among other cases, *Solaia Tech*., 2004 WL 549449, at *2).

## II. Plaintiffs Did Not Waive Their Confidentiality Challenge By Seeking Leave to File the Documents Under Seal

Defendants next argue that by seeking leave to file the documents at issue under seal in connection with their class certification motion, Plaintiffs have agreed that the documents are confidential and have waived their right to challenge the confidentiality designations. The Court disagrees. Although Plaintiffs' counsel would have been better off to advise the Court that it disagreed with Defendants' confidentiality designations when it filed its motion to seal, their failure to do so does not operate as a waiver to challenge the designations. Indeed, even if Plaintiffs agreed that the information at issue is confidential, it would not foreclose the Court from making an independent determination as to the confidentiality of the documents. *See, e.g.*, *Citizens First*, 178 F.3d at 945 (noting that parties to litigation do not have "carte blanche to decide what portions of the record shall be kept secret"). Moreover, the Court rejects Defendants' suggestion that the Court cannot alter its order granting Plaintiffs leave to file documents under seal. The Court has the discretion to reconsider its interlocutory rulings at any time before final judgment. *See Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp*., 460 U.S. 1, 12, 103 S. Ct. 927, 74 L. Ed. 2d 765 (1983) ("every order short of a final decree is subject to reopening at the discretion of the district judge"); *Sims v. EGA Prods., Inc*., 475 F.3d 865, 870 (7th Cir. 2007) ("nonfinal orders are generally modifiable").

## III. The Court Denies the ANA's Motion to the Extent It Seeks to Strike Plaintiffs' Motion or Enforce the Maryland Protective Order

The majority of ANA's motion to strike is moot, given that Plaintiffs do not seek to unseal Ms. Boyle's deposition transcript.³ (R. 200, Pls.' Resp. to ANA's Mot. for Leave at 1.)

---

³ Although Plaintiffs' motion was less than clear in this regard (*see* R. 191, Pls.' Mot. at 1-3 and n.1), they have since clarified that they do not seek to file Ms. Boyle's deposition

The remainder of ANA's motion, which challenges the de-designation of the NDNQI Documents, is without merit because the Maryland Protective Order does not apply to those documents. Although neither party nor ANA brought it to the Court's attention, the Maryland Court made it unequivocally clear in its order regarding ANA's motion to quash that the Maryland Protective Order does *not* govern documents that Defendants produced to Plaintiffs in this litigation.[4] Specifically, that order provides as follows:

> 5. [T]he hospital defendants in the underlying Northern District of Illinois litigation have produced the NDNQI survey results to Plaintiffs' counsel. A protective order issued by the Northern District of Illinois governs any an all documents produced in the Northern District of Illinois litigation.
>
> 6. The protective order which this Court will enter in this case will govern any information shared by the ANA during either the global deposition or the individual deposition concerning the hospital defendants in the Northern District of Illinois litigation.

*See In re Subpoena of Am. Nurses Assoc.* at R. 14, Jan. 13, 2012 Order. Defendants, not the ANA, produced the NDNQI Documents to Plaintiffs in 2010, more than a year before Plaintiffs deposed Ms. Boyle. (R. 198, Defs.' Opp. to Pls.' Mot. at 4 ("Defendants then produced the NDNQI documents that are the subject of Plaintiff's current motion on September 9, 2010, marked Confidential pursuant to the [Illinois] Protective Order.") Because the NDNQI Documents are not subject to the Maryland Protective Order, the Court will not strike Plaintiffs' motion or enforce the Maryland Protective Order.

**IV. The Court Needs Additional Information to Determine Whether Good Cause Exists to Maintain the Confidentiality of the Challenged Documents**

Defendants and ANA limited their arguments in opposition to Plaintiffs' motion to those explained above. They did not, as the Seventh Circuit requires, "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations," nor did they explain how they will be harmed if the specific documents at issue become part of the public record in this case. *See Baxter*, 297 F.3d at 547-48. Although ANA submits that the general NDNQI database and program are highly proprietary, it does not explain how disclosure of the specific documents at issue, which appear to contain, at least in part, data that Defendants submitted to NDNQI, will cause harm. Defendants do not set forth any argument or explanation as to why the challenged documents, which include meeting minutes from several years ago, are confidential under the Seventh Circuit's standard. Accordingly, the Court grants Defendants and ANA leave to file, by June 18, 2012, submissions addressing the confidentiality of the documents at issue consistent with this Order. Plaintiffs may respond by June 25, 2012.

**CONCLUSION**

For the reasons set forth above, the Court denies ANA's motion to the extent that it asks the Court to strike Plaintiffs' motion and adopt and enforce the Maryland Protective Order. The Court takes the remainder of ANA's motion as well as Plaintiffs' motion under advisement pending further briefing.

---

transcript on the public record in this case. (R. 200, Pls.' Resp. to ANA's Mot. at 1.)

[4] Even if the Maryland Protective Order applied to the NDNQI Documents, the Court would nevertheless have the authority, and indeed the duty, to determine whether there is good cause to allow the parties to file such documents under seal in this case. *See Citizens*, 178 F.3d at 945 ("The judge . . . is duty-bound . . . to review any request to seal the record (or part of it).")